UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                        **DECISION AND ORDER**
                                                        12-CR-103S (11)

DERRICK RAMOS a/k/a "Little D,"

                Defendant.

## I. INTRODUCTION

Defendant Derrick Ramos is charged in a Fourth Superseding Indictment with violent crime in aid of racketeering (Counts 3 and 4) and carrying and using a firearm during and in relation to an assault and attempted murder (Count 5), in violation of 18 U.S.C. §§ 2, 1959(a)(5), and 924(c)(1)(A)(iii). (Docket No. 139.)

Before this Court is Defendant's motion for severance, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, for an immediate trial, and for reconsideration of his pretrial detention. (Docket No. 415.) For the following reasons, Defendant's motion is denied.

## II. DISCUSSION AND ANALYSIS

**A.**    **Severance**

Decisions on severance are reserved to the trial court's discretion and are considered by the Second Circuit to be "virtually unreviewable." See United States v. Harwood, 998 F.2d 91, 95 (2d Cir. 1993); United States v. LaSanta, 978 F.2d 1300, 1306 (2d Cir. 1992) (quoting United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991)). There is, however, a preference in the federal system that defendants who are indicted together be tried together. See United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983).

This is particularly true when the underlying crime involves a common scheme or plan, in which case the slight prejudice to co-defendants is outweighed by the judicial economies resulting from avoiding duplicative trials. See United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003); Cardascia, 951 F.2d at 482. Joint trials are efficient, "play a vital role in the criminal justice system," and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209-10, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987).

**B.      Rules 8 and 14 of the Federal Rules of Criminal Procedure**

Multiple offenses may properly be charged together in an indictment or information if the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Similarly, multiple defendants may properly be charged together in an indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

Yet even if properly joined, offenses or defendants may be severed if joinder results in prejudice to a defendant or the government. FED. R. CRIM. P. 14(a). In such a case, the court may provide any relief that justice requires, including ordering separate trials of counts or severing the defendants' trials. Id. But "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122

L.Ed.2d 317 (1993).

B.     **Defendant's Motion for Severance**

Defendant seeks severance on the basis that (1) he anticipates excessive delay while his codefendants' pretrial proceedings are resolved (Docket No. 415, ¶ VIII), and (2) he is unfairly prejudiced by delay because he is subject to pretrial detention, which makes it difficult to participate in the preparation of his defense (Docket No. 415, ¶¶ IX, XXVII, XLVI).[1]

As to Defendant's first argument, the Speedy Trial Act specifically allows for a "reasonable period of delay when a defendant has been joined for trial with co-defendants as to whom the time for trial has not run, and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). When challenged in a motion for severance, the issue is the reasonableness of the delay occasioned by this exclusion. See United States v. Gambino, 59 F.3d 353, 362 (2d Cir. 1995); United States v. Lockwood, No. 11-CR-85, 2012 WL 6204194, at *3 (W.D.N.Y. Dec. 12, 2012).

Defendant does not contest that the exclusions of time in this multi-defendant case have been justified and reasonable. But he argues that because his pretrial proceedings have concluded, severance is warranted and he should immediately be brought to trial. This argument highlights the very reason the exclusion in § 3161(h)(6) exists: "Congress has acknowledged that the purpose of Section 3161(h)(6) of the Speedy Trial Act was to

---

[1] Defendant also alludes to other possible grounds for severance, including irreconcilable defenses among codefendants, prejudicial spillover of evidence, and possible Bruton issues. (Docket No. 415, n. 1.) This Court offers no opinion regarding these undeveloped arguments. Similarly, this Court offers no opinion on what appears to be Defendant's suggestion that his constitutional and statutory rights to a speedy trial may have been violated, because Defendant seeks no specific relief in that regard. (Docket No. 415, ¶¶ XVII–XLV).

ensure that the rules of severance were not altered, and that the government was not forced to prosecute the first defendant ready for trial separately or be subject to a speedy trial dismissal action." Lockwood, 2012 WL 6204194, at *2 (citing United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986)).

Defendant has failed to show that the delay attributable to proceedings involving his co-defendants, which appears to be about 11 months, see Docket No. 288, rises to a level of prejudice so severe as to amount to a miscarriage of justice or the denial of a constitutionally fair trial. See Spinelli, 352 F.3d at 55. Nor has he persuasively shown that this case will be unreasonably further delayed. Thus, the prejudice caused by the delay attributable to Defendant's co-defendants is outweighed by the significant interests of judicial economy in conducting a single trial. See Spinelli, 352 F.3d at 55.

Similarly, as to his second argument, Defendant has failed to show that his 31-month pretrial detention has hampered his ability to communicate with his attorney and assist in the preparation of his defense. His allegations in this regard are wholly conclusory and lack any detail whatsoever from which this Court could assess the effect, if any, that this delay has had on Defendant's ability to assist in his defense.

Finally, nothing presented in Defendant's motion warrants reconsideration of his pretrial detention, which is based on the Magistrate Judge's finding that Defendant poses a danger to the community.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Severance, for an Immediate Trial, and for Reconsideration of his Pretrial Detention is denied.

## IV.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Severance, for an Immediate Trial, and for Reconsideration of his Pretrial Detention (Docket No. 415) is DENIED.

SO ORDERED.

Dated:   June 2, 2015
         Buffalo, New York

                                          <u>/s/William M. Skretny</u>
                                          WILLIAM M. SKRETNY
                                          Senior United States District Judge