UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   **DECISION AND ORDER**
    12-CR-103S (11)

DERRICK RAMOS a/k/a "Little D,"

　　　　　Defendant.

1.　　Presently before this Court is Defendant Derrick Ramos's Motion for Bail and Reconsideration of Pretrial Detention. (Docket No. 465.) Defendant filed his motion on July 27, 2015, not quite two months after this Court denied his last Motion for Reconsideration of Pretrial Detention. (Docket No. 454.) In what is a slight variation of his previous motions, Defendant seeks release on the basis that (1) he is being detained "for no reason," (2) his case is being prolonged by delay solely attributable to his co-defendants, and (3) he will agree to release conditions to secure his future appearances. The government opposes Defendant's release, principally on the grounds that Defendant poses a danger to the community that cannot be ameliorated by release conditions.

2.　　Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available only pursuant to § 3142(e). See 18 U.S.C. § 3142(a)(4); United States v. Dillard, 214 F.3d 88, 90-91 (2d Cir. 2000). That subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Factors that must be assessed to make this determination are set forth in 18 U.S.C. § 3142(g).

1

3.  Also applicable here, given the nature of the charges against Defendant, is the rebuttable presumption in § 3142(e)(3). Under that provision, it is presumed, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if there is probable cause to believe that the person committed one of the offenses to which the presumption attaches.

4.  As to Defendant's contention that he is being detained "for no reason," this Court notes that Defendant is charged in a Fourth Superseding Indictment with violent crime in aid of racketeering (Counts 3 and 4) and carrying and using a firearm during and in relation to an assault and attempted murder (Count 5), in violation of 18 U.S.C. §§ 2, 1959(a)(5), and 924(c)(1)(A)(iii). (Docket No. 139.) These charges stem from Defendant's alleged participation in the December 30, 2010 drive-by shooting of Willie Lee Jernigan and Philip Brown, two rivals of the Minnesota-Bailey Crew, a gang in which Defendant is alleged to be a member. Given the nature of the charges, Defendant is subject to the rebuttal presumption in 18 U.S.C. § 3142(e)(3). Thus, Defendant is being detained because he has not overcome that presumption or previous judicial findings that he poses a danger to the community such that no condition or combination of conditions can reasonably assure the safety of the community.

5.  As to Defendant's contention that his case is being prolonged by delay solely attributable to his co-defendants, this Court notes that the Speedy Trial Act specifically allows for a "reasonable period of delay when a defendant has been joined for trial with co-defendants as to whom the time for trial has not run, and no motion for severance has

been granted." 18 U.S.C. § 3161(h)(6). This Court has denied Defendant's request for severance, see United States v. Ramos, No. 12-CR-103S, 2015 WL 3505637 (W.D.N.Y. June 2, 2015), and Defendant mounts no challenge to the exclusions of time attributable to proceedings involving his co-defendants. Consequently, this does not serve as a basis for release.

6. Finally, as for Defendant's contention that he is willing to abide by conditions of release to secure his future appearances in court, this too is not a basis for release. Defendant's willingness to agree to release conditions is not the issue; almost all defendants facing pretrial detention will agree to release conditions. The issue is whether release conditions exist that "will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). In this regard, Defendant has failed to overcome the presumption that there are not. Nothing in Defendant's motion addresses the danger he poses to the community, which is starkly reinforced by the government's evidence that Defendant himself admitted to investigators that he shot at Jernigan and Brown. Although Defendant may be willing to abide by release conditions, this Court maintains its finding that Defendant has not overcome the presumption that no condition or combination of conditions will secure the safety of the community.

7. Consequently, for the reasons stated above, Defendant's pretrial detention will be continued.

IT HEREBY IS ORDERED, that Defendant's Motion for Bail and Reconsideration of Pretrial Detention (Docket No. 465) is DENIED.

FURTHER, that Defendant's pretrial detention shall be maintained pursuant to 18 U.S.C. § 3142(e).

SO ORDERED.

Date: September 9, 2015
      Buffalo, NY

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge